IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| D.A.M., o/b/o J.D.M. (a minor),<br><br>    Plaintiff,<br><br>VS.<br><br>Commissioner of Social Security,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:  7 : 22-CV-88 (TQL)<br>:<br>:<br>:<br>: |

# ORDER

Plaintiff filed this Social Security appeal on August 29, 2022 on behalf of the minor child Claimant, challenging the Commissioner's final decision finding that the Claimant was not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals.   28 U.S.C. § 636(c)(3).

*Legal Standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).   The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a

scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

A child is eligible for Supplemental Security Income benefits if his financial resources are below a certain level and if he is "disabled", as that word is defined in the Social Security regulations. A child is considered disabled if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). In order to evaluate a child's disability claim, the Commissioner employs the following sequential evaluation process: (1) whether the child is engaged in substantial gainful activity; (2) whether the child has a severe impairment; and (3) whether the child's severe impairment meets, medically equals or functionally equals a listed impairment. 20 C.F.R. § 416.924 (a).

If the Commissioner determines that a claimant's impairment or combination of impairments does not meet or medically equal any listing, she will proceed to determine whether

claimant's impairments result in limitations that functionally equal the listings. 20 C.F.R. § 416.926a. In determining whether a claimant has an impairment that is the functional equivalent of a listed impairment, the ALJ must consider six (6) functional equivalence domains. *Id.* These domains are acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for yourself, and health and physical well-being. 20 C.F.R. § 416.926a(B)(1)(i – vi). A claimant must have an "extreme" limitation in any of the domains or "marked" limitation in at least two (2) domains to be found to have an impairment of listing-level severity. 20 C.F.R. § 416.926a(a).

*Administrative Proceedings*

Claimant, through his mother, filed an application for Supplemental Security Income benefits with a protective filing date in February 2020, alleging disability since March 1, 2018. (T-216-222). This application was denied initially and on reconsideration. (T-77-97). Claimant and his mother appeared at a hearing before an ALJ on September 23, 2021. (T-41-60). In a hearing decision dated October 8, 2021, the ALJ determined that the Claimant was not disabled. (T-9-25). The Appeals Council denied Claimant's request for review. (T-1-7).

*Statement of Facts and Evidence*

Claimant was born on July 20, 2015, and was six (6) years old at the time of the ALJ's decision. (T-241). The ALJ found that Claimant has severe impairments in the form of asthma, ADHD, ODD, and speech articulation disorder. (T-13). The ALJ further found that Claimant did not currently have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment, and did not currently have an impairment or combination of impairments that functionally equaled the severity of the listings. (T-13-19). The ALJ concluded that

the Claimant had not been disabled since the date the application for benefits was filed. (T-19).

## DISCUSSION

Plaintiff asserts that the ALJ erred in finding that the Claimant has a less than marked limitation in the domain of interacting and relating with others. The ALJ found that Claimant had marked limitation in acquiring and using information, less than marked limitation in attending and completing tasks, less than marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, less than marked limitation in the ability to care for himself, and less than marked limitation in health and physical well-being. (T- 16).

In finding that Plaintiff has a less than marked limitation in interacting and relating with others, the ALJ determined that

> [claimant's kindergarten teacher] opined that the claimant had no impairment in interacting with others, moving about, and caring for oneself.
>
> . . .
>
> The Disability Determination Service consultants opined that the claimant had marked limitation interacting with others . . . Regarding the marked limitation in interaction, later received medical evidence of Record shows that the claimant's speech issues have improved, which supports less than marked limitation in this area.

(T-18).

Under the regulations, the Social Security Administration "will find that you have a 'marked' limitation in a domain when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative

4

effects of your impairment(s) limit several activities." 20 C.F.R. § 416.926a(e)(2).

In the domain of interacting and relating with others, the Social Security Regulations provide that "we consider how well you initiate and sustain emotional connections with others, develop and use the language of your community, co-operate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others." 20 C.F.R. § 416.926a(i). The regulations provide the following examples of limited functioning in the domain of interacting and relating with others:

> You have no close friends, or your friends are all older or younger than you.
>
> You avoid or withdraw from people you know, or you are overly anxious or fearful of meeting new people or trying new experiences.
>
> You have difficulty playing games or sports with rules.
>
> You have difficulty in communicating with others. . .
>
> You have difficulty speaking intelligibly or with adequate fluency.

20 C.F.R. § 416.926a(i)(3)(ii - vi).

The ALJ's findings regarding the domain of interacting and relating to others are not supported by substantial evidence. The ALJ relied entirely on the opinion of Claimant's kindergarten teacher and one aspect of the findings of speech pathologists in finding that Claimant had a less than marked limitation in the domain of interacting and relating with others. Claimant's kindergarten teacher provided no detail in her October 2020 determination of Claimant's ability to interact with and relate to others. (T-287); *see Krzyzanowski v. Astrue,* 2009 WL 1941473, *7 (M.D.Fla. 2009) (ALJ's conclusion, relying solely on one part of teacher's assessment, that claimant did not have

marked limitation in domain was not supported by substantial evidence).

As for the speech pathologists, the first speech pathologist found in May 2020 that Claimant was impaired in the speech parameter of articulation, and could not use verbal language to control his environment effectively, nor could he understand spoken language to function effectively in his environment. (T-552-553). The speech pathologist further found that 10% of Claimant's spontaneous speech was intelligible to a stranger, 50% was intelligible to a familiar listener, and 50% was intelligible with known context. (T-552). Compared to his same age peers, claimant's communication impairment was found to interfere with his ability to interact and relate to others. (T-554). The speech pathologist noted that Claimant's "conversational speech is unintelligible to listeners even in known contexts" and he "has trouble initiating, maintaining & terminating conversations [with] peers & adults. . . Student is severely unintelligible and therefore, unable to communicate his wants & needs with others".
(T-552, 554).

The second speech pathologist opined in October 2020 that Claimant continued to be impaired in the speech parameter of articulation, and continued to be unable to use verbal language to control his environment effectively, and unable to understand spoken language to function effectively in his environment. (T-564-565). She found that 50% of Claimant's spontaneous speech was intelligible to a stranger, 75% was intelligible to a familiar listener, and 75% was intelligible with known context. (T-564). Compared to his same age peers, claimant's communication impairment was still found to interfere with his ability to interact and relate to others. (T-566). The speech pathologist noted that Claimant's "speech can be unintelligible at times, especially during conversation . . . [and that he] has difficulty answering [even simple] questions". (T-564-565). Claimant was noted to have "a hard

time initiating, maintaining, and terminating conversations with both peers & adults". (T-566). This speech pathologist had only worked with Claimant since August 2020. *Id.*

Although the ALJ characterizes the differences between the two (2) assessments as showing "improvement" in Claimant's speech issues, based apparently on the intelligible speech percentages provided therein, the detailed findings provided by the speech pathologists reveal that Claimant continued to suffer from significant speech difficulties in October 2020, difficulties that were shown to "interfere[] seriously with [Claimant's] ability to independently initiate, sustain, or complete activities", and thereby equated to marked limitations in his ability to interact with others. 20 C.F.R. § 416.926a(e)(2). Notably, the speech pathologists' findings are the only findings in the record produced after evaluation focused on and limited to Claimant's speech abilities, one of the primary factors in his ability to interact and relate with others. SSR 09-5P ("The ability to interact and relate with others requires the ability to communicate in an age-appropriate manner. To communicate with others, a child needs both speech and language.").

Contrary to the Commissioner's assertion, Claimant's kindergarten teacher did not opine that claimant had no problems in the listed areas, but rather skipped that section (as directed by the form) after marking no problems had been observed with Claimant "interacting and relating with others". (T-287). The form provided a space for marking "no problem" in the 13 identified areas, but Claimant's teacher did not mark those selections, and thereby provided no explanation for her overall conclusion. *Id.*

***Conclusion***

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, pursuant to Sentence Four of § 405(g), the Commissioner's decision is **REVERSED and**

**REMANDED** to the Commissioner for the Administrative Law Judge to reevaluate whether Plaintiff suffers from an impairment that is the functional equivalent of a listed impairment.

**SO ORDERED**, this 5th day of April, 2023.

                                            s/ *THOMAS Q. LANGSTAFF*
                                            **UNITED STATES MAGISTRATE JUDGE**